IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  05-CV-203-EWN-OES

CONSUMER CRUSADE, INC., a Colorado corporation,

Plaintiff(s),

v.

GLOBAL VENDING SERVICES, INC. a/k/a DEAL VENTURES
a/k/a OB VENDING, a Las Vegas corporation and
NICHOL G. CHOMAKOS and
MATTHEW A. CAPICCIONI;
its Officer(s) and Director(s),

Defendant(s).

---

RECOMMENDATION FOR ENTRY OF DEFAULT JUDGMENT

---

ORDER ENTERED BY MAGISTRATE JUDGE O. EDWARD SCHLATTER
Date:  August 15, 2005

Plaintiff is a Colorado corporation that has brought this action against defendants Global Vending Services, Inc.("GVS"), and Nichol G. Chomakos pursuant to the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA").  Plaintiff alleges in its Complaint that defendants violated the TCPA by sending unsolicited advertisements by means of telephone facsimile machines.  Compl. at ¶ 1.

Plaintiff is an organization that has received assignments from numerous Colorado residents and businesses in regard to alleged violations by defendants.  Id. The defendant corporation is a business that has never registered with the Office of the Colorado Secretary of State as a foreign corporation authorized to transact business in

the State of Colorado. The individual defendants are residents of the State of Nevada, and they are both officers of the defendant corporation.

Plaintiff has filed on July 28, 2005, a Motion for Default Judgment as to GVS and Chomakos. The motion is not filed as to defendant Matthew A. Capiccioni. For the sake of simplicity, I will refer in this Recommendation to defendants, and I mean by that reference only defendants GVS and Chomakos.

Attached to the motion is an affidavit that has been executed by A.M. Demirali, counsel for plaintiff. The affidavit verifies the truth and accuracy of the allegations that have been made in conjunction with the request for default judgment.

Plaintiff's motion and affidavit establish that personal service was obtained upon defendants, and proof of such service was filed with this court on April 7 and 28, 2005, with regard to the two defendants. Answers or responsive pleadings were due from these parties by no later than March 28, 2005. No answers or responsive pleadings were filed by the deadlines, and no appearances have ever been made in this court by either of these defendants or by an attorney on behalf of them. On July 28, 2005, the Clerk of this court filed his Entry of Default as to both defendants.

Demirali states in his affidavit that neither of the parties against whom default judgment is sought is an infant, incompetent person, or an officer or agency of the State or Colorado. The affiant also states that neither party is in the military service.

## DISCUSSION

**1**

As a general rule, "a default judgment establishes, as a matter of law, that defendants are liable to plaintiff as to each cause of action alleged in the complaint." United States v. DiMucci, 879 F.2d 1488, 1497 (7th Cir. 1989). Once default judgment is entered, the court is required to accept the well-pleaded allegations of the complaint as true. Quirindongo Pacheco v. Rolon Morales, 953 F.2d 15, 16 (1st Cir. 1992); *see also*, 10A C. Wright, A. Miller, & M. Kane, *Federal Practice and Procedure,* § 2688 at 58-59 (2d ed. 1998) (henceforth "Wright & Miller"), *citing* Thomson v. Wooster, 114 U.S. 104 (1885) ("Averments in a pleading to which a responsive pleading is required. . . are admitted when not denied in the responsive pleading."). The averments in plaintiff's complaint that were not denied in a responsive pleading "are deemed admitted, as they would be for any other litigant." Biella v. State Dept. of Hwys, 652 P.2d 1100, 1102 (Colo.App. 1982).

For a calculation of damages, "[n]o hearing is required on damages if the damages claimed are liquidated or in an amount calculable by mathematical processes alone." Kwik Way Stores, Inc. v. Caldwell, 745 P. 2d 672, 679 (Colo. 1987). If the sum is not certain or capable of easy computation, the court may proceed in any manner it deems appropriate, including hearings, inquiries or references to masters. Wright & Miller, § 2688 at 64.

2

**(a) Damages.**  Plaintiff's claim for damages consists of 414 separate violations of the TCPA at $500.00 for each violation.  Plaintiff has established its entitlement to total damages in the principal amount of $207,000.00, plus costs of $260.00 as filing and service fees, for a total amount of $207,260.00.

**(b) Injunction.**   The allegations of plaintiff's Complaint establish that defendants have engaged in continuing violations of the TCPA.  Therefore, plaintiffs are entitled to have an injunction entered that permanently enjoins defendants from further violating the TCPA in the future.

## RECOMMENDATION

I therefore Recommend as follows:

1.  that plaintiff's Motion for Default Judgment [Doc. 9-1, filed July 28, 2005] be GRANTED, and that default judgment be entered against defendants Global Vending Services, Inc., and Nichol G. Chomakos;

2.  that plaintiff be awarded monetary damages against these two defendants in the total sum of $207,260.00, with statutory interest to accrue from and after the date of entry of judgment.

3.  that an injunction be entered against defendants Global Vending Services, Inc., and Nichol G. Chomakos that permanently enjoins either of them from future

transmissions of unsolicited facsimiles in violation of the Telephone Consumer Protection Act.

Dated at Denver this day of August 15, 2005.

BY THE COURT:

    s/O. Edward Schlatter
O. Edward Schlatter
U.S. Magistrate Judge